UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH COTTO,

      Plaintiff,

v.                                   Case No:   2:15-cv-534-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Elizabeth Cotto, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed applications for a period of disability, DIB, and SSI on August 30, 2011, alleging disability beginning February 18, 2010. (Tr. 241-44, 250-53). Plaintiff's applications were denied initially on November 4, 2011, and upon reconsideration on December 13, 2011. (Tr. 189-93, 194-99, 203-07, 209-13). A hearing was held before Administrative Law Judge Maria C. Northington (the "ALJ") on February 5, 2014. (Tr. 31-82). On April 4, 2014, the ALJ issued her decision finding that Plaintiff was not under a disability from February 18, 2011, through the date of the decision. (Tr. 12-30). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on July 31, 2015. (Tr. 1). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on September 3, 2015. The parties having filed memorandum in support of their positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 18, 2010, the alleged onset date. (Tr. 14). At step two, the ALJ found that Plaintiff had the following severe impairments:  anxiety, depression, and cervical disc protrusion with radiculopathy. (Tr. 14). At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work that includes the ability to occasionally lift and/or carry up to twenty pounds as defined in the Dictionary of Occupational Title (D.O.T.) and regulations, as well as, lift/carry ten pounds frequently. This includes sedentary work as defined in the Dictionary of Occupational Title (D.O.T.) and the regulations. The claimant has no limits for sitting in an eight-hour workday. She is capable of standing and/or walking for up to six hours in an eight-hour workday. She is able to perform all postural functions except no crawling, no kneeling and no climbing of ladders/ropes/scaffolds. Secondary to her mental impairments, the claimant retains the capacity to understand, remember and carry-out at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week.

(Tr. 17). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a teacher's aide and owner restaurant manager branch manager, infantry crew member, air conditioning servicer, and construction laborer. (Tr. 22). At step five, the ALJ relied on the testimony of a vocational expert to find that given Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically the occupations of "Teacher Aide II," "Telephone Solicitor/Telemarketer," "Payroll Clerk," and "Office Helper." (Tr. 23). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 18, 2010, through the date of the decision April 4, 2014. (Tr. 24).

## II.     Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to account for Plaintiff's severe mental impairments in the RFC assessment and hypothetical; (2) whether the

ALJ erred by failing to properly evaluate the medical opinion evidence; and (3) whether the ALJ erred in evaluating Plaintiff's credibility.  The Court will address each issue below.

**(a) Whether the ALJ erred by failing to account for Plaintiff's severe mental impairments in the RFC assessment and hypothetical question.**

Plaintiff argues that the ALJ erred by failing to account for Plaintiff's severe mental impairments in the RFC assessment.  (Doc. 17 p. 8).  Plaintiff contends that the ALJ's finding that Plaintiff was limited to completion of SVP-3-4 instructions and tasks is effectively no limitation at all and is not consistent with the ALJ's finding that Plaintiff has moderate limitations in concentration, persistence, and pace.  (Doc. 17 p. 9).  Further, Plaintiff contends that the ALJ's finding that Plaintiff can "at least" perform SVP 3-4 instructions and tasks is improper because the ALJ was required to indicate the maximum capabilities Plaintiff can perform, not the least.  (Doc. 17 p. 9).  Plaintiff maintains that the ALJ simply speculated as to what level of SVP Plaintiff can perform instead of properly determining Plaintiff's specific functional limitations.  (Doc. 17 p. 10).

In her memorandum of law, Defendant does not specifically address Plaintiff's arguments. Instead, Defendant contends that the ALJ's findings are consistent with the objective evidence of record.  (Doc. 18 p. 8).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Commissioner of Social Security*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009).   In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record.  *Barrio v. Commissioner of Social Security*, 394 F. App'x 635, 637 (11th Cir. 2010).

At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239–40. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002) (per curiam).

In her decision, the ALJ found at step three that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (Tr. 16). The ALJ's hypothetical to the VE described that the individual "retains the capacity to understand, remember, and carry out SVP 3 to 4 instructions and perform SVP 3 to 4 tasks as consistent with semi-skilled work." (Tr. 72). Likewise, the ALJ's RFC assessment specified that "[s]econdary to her mental impairments, the claimant retains the capacity to understand, remember and carry-out at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work." (Tr. 17).

In this case, the Court finds that the ALJ erred by failing to account for her finding that Plaintiff had moderate difficulties in concentration, persistence, or pace in the hypothetical question to the VE and in the RFC assessment. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180, the Eleventh Circuit explained "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 631 F.3d at 1180. If, however, the evidence shows that a claimant's ability to work is unaffected by the limitation or the limitation is implicitly accounted for in the hypothetical, remand is inappropriate. *Winschel*, 631 F.3d at 1181.

Here, despite finding that Plaintiff had moderate difficulties in concentration, persistence, or pace, the ALJ did not even limit the hypothetical question to simple, routine tasks or unskilled work, as was considered in *Winschel*. Instead, the hypothetical to the VE and the RFC assessment limited Plaintiff to "semi-skilled" work. If, in the absence of an explanation, a limitation to simple, routine, and unskilled work does not account for a moderate limitation in concentration, persistence, or pace, then certainly a limitation to semi-skilled work does not account for such a limitation. The ALJ's opinion did not explain how the medical evidence suggested Plaintiff's ability to work was unaffected by this limitation and Defendant does not address the issue in her brief. Accordingly, the Court finds it appropriate to remand this case.

**(b) Whether the ALJ erred by failing to properly evaluate the medical opinion evidence.**

Plaintiff argues that the ALJ erred when she assigned little or no weight to the numerous opinions from Plaintiff's treating physicians and to the opinion of the state agency medical consultant. (Doc. 17 p. 11). Specifically, Plaintiff contends that the ALJ erred in the weight she assigned to treating physicians Dr. Sosa and Dr. Awan, psychiatrist Dr. El-Menshawi, and state agency medical consultant Dr. Singh. (Doc. 17 p. 15).

In response, Defendant contends that the opinions from Dr. Sosa are conclusory opinions that are not entitled to any special deference. (Doc. 18 p. 9). Further, Defendant argues that the ALJ properly noted that the opinions of Dr. Awan and Dr. El-Menshawi were inconsistent with objective treatment evidence and Plaintiff's activities. (Doc. 18 p. 9). Defendant also properly discounted the opinion from state agency physician Dr. Singh. (Doc. 18 p. 9).

As stated above, an ALJ is required to consider all of the evidence in the case record when he makes his determination. 20 C.F.R. §404.1520(a), *Brunson v. Astrue*, 850 F. Supp.2d 1293, 1304 (M.D. Fla. 2011). An ALJ must consider the medical opinions that were submitted in the

record as well as other relevant evidence.   20 C.F.R. §404.1527(b).   Medical opinions are

statements from physicians and may include a claimant's symptoms, diagnosis and prognosis. 20

C.F.R. §404.1527(a)(2).   The ALJ is required to "state with particularity the weight he gave the

different medical opinions and the reasons therefore." *Sharfarz v. Bowen*, 825 F.2d 278, 279-80

(11th Cir. 1987); s*ee also, Winschel*, 631 F.3d at 1179. Without such a statement by the ALJ, a

court cannot determine if the merits of a claim are rational and supported by substantial evidence.

*Winschel*, 631 F.3d at 1179.  An ALJ may disregard an opinion of a treating physician, however,

he must articulate clear reasons for disregarding an opinion.  *Id.*

In this case, the Court finds that the ALJ erred in her treatment of the medical opinions.

As to the opinions of Drs. El-Menshawi and Sosa, the ALJ specified that he gave no weight to

their opinions that Plaintiff had marked or extreme limitations in daily functioning due to her

mental impairments so that she was unable to function, take care of herself, or follow even simple

commands.  (Tr. 20).  The ALJ noted that despite Dr. Sosa's finding that Plaintiff was unable to

take care of herself or function, Plaintiff was preparing meals for others regularly and herself, was

able to perform substantial chores, and was able to care for a pet.  (Tr. 20).  Further, the ALJ noted

that while Dr. El-Menshawi found Plaintiff to have suffered repeated episodes of decompensation,

Plaintiff had never been psychiatrically hospitalized for any reason.  (Tr. 20).

The opinions of treating physicians are entitled to substantial or considerable weight unless

good cause is shown to the contrary.  *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004).

The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion

was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating

physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.*

Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or

examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Here, the ALJ failed to show good cause for discounting the opinions from Dr. Sosa and Dr. El-Menshawi.  The ALJ rejects Dr. Sosa's opinion due to an apparent inconsistency between Dr. Sosa's opinion and Plaintiff's daily activities.  Everyday activities of short duration such as housework, however, do not disqualify a claimant from disability.  *Lewis*, 125 F.3d at 1441; *see also Cavarra v. Astrue*, 393 F. App'x 612, 614 (11th Cir. 2010) (finding that the "somewhat minimal daily functions" of performing basic household chores, cooking, driving, and attending church are not comparable to typical work activities).  Likewise, the ALJ failed to specifically articulate evidence contrary to the findings of Drs. Sosa and El-Menshawi.  Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence.  *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012).

Likewise, the ALJ erred in his treatment of the opinions of Dr. Singh and Dr. Awan, who both opined that Plaintiff was incapable of performing work above the sedentary level.  (Tr. 417, 540-45).  The ALJ rejected these opinions and accorded them no weight because "[s]ignificant treatment notes and a record of activities contradict those limitations found" and because "claimant's reports of substantial nerve and sensation abnormalities with myalgia were not supported by clinical or objective observation."  (Tr. 20).  As Plaintiff notes, however, the record shows that Plaintiff underwent an MRI of the cervical spine on January 31, 2013, which showed severe narrowing of the left neural foramen with disc herniation providing evidence of cervical radiculopathy.  (Tr. 507-08).  Additionally, a nerve conduction study from February 20, 2013, confirmed the presence of cervical radiculopathy with active denervation in myotomes.  (Tr. 503).

Thus, contrary to the ALJ's finding, it appears that objective medical evidence supports the opinions of Dr. Singh and Awan as to Plaintiff's reports of substantial nerve and sensation abnormalities.

The ALJ's decision to accord no weight to the opinions of Drs. Sosa, El-Menshawai, Singh and Awan is not supported by substantial evidence.  Upon remand, the Court will require the ALJ to reevaluate the medical opinions of record and articulate the weight assigned the each opinion and explain with specificity her reasoning.

**(c)  Whether the ALJ erred in evaluating Plaintiff's credibility.**

As the ALJ's reevaluation of the medical evidence of record may affect her consideration of Plaintiff's credibility, the Court will defer from determining whether the ALJ erred in evaluating Plaintiff's credibility.

**III.    Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 11 -